[No. F011806. Fifth Dist. Nov. 6, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
BERNARD E. CLEMMONS, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I through III and V through XII.

COUNSEL

Michael Satris, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Jane N. Kirkland, Judy Kaida and Louis Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**VARTABEDIAN, J.**—Defendant Bernard E. Clemmons appeals from judgment after a jury convicted him of multiple crimes. He raises numerous issues, including whether the court erred in limiting the exercise of cross-examination of each witness to only one of the defendant's two attorneys. The published portion of our opinion contains discussion of this issue. We

find this claim of defendant, as well as his remaining contentions discussed in the unpublished portion of our opinion, to be unavailing.[1] We affirm.

On November 19, 1987, a five-count information was filed against defendant in superior court case No. 35000. He was charged with burglary (Pen. Code, § 459; count I), rape (Pen. Code, § 261, subd. (2); count II) and attempted oral copulation (Pen. Code, §§ 664/288a; count III) arising out of an incident at the home of Vickie B.[2] In addition, defendant allegedly used a deadly weapon, a knife, in the perpetration of counts II and III (§ 12022.3). A second burglary (§ 459; count IV) and an assault with intent to commit rape (§ 220; count V) arose out of an incident at the home of Tammi T. Private counsel, William McPhillips, was retained to represent defendant in this matter.

On January 29, 1988, a seven-count information was filed against defendant in superior court case No. 35439 involving five separate alleged victims: Denise W., Kathy S., Diane J., Betty L., and Patricia P. This information contained five counts of attempted burglary (§§ 664/459) and two counts of burglary (§ 459). The public defender was appointed to represent defendant. Prior to trial, court-appointed counsel, George Quick, replaced the public defender in this action.

The informations were consolidated for trial. Defendant continued to be represented by separate counsel for each information. Defendant was found guilty as charged and sentenced to prison for a total aggregate term of 23 years.

A detailed statement of facts is not necessary to our discussion contained in the published portion of our opinion. In brief, each of the convictions involved the same modus operandi: defendant gained entry or attempted to gain entry into the victim's residence by claiming that his Frisbee or beachball had gone into the victim's yard or that he was trying to locate a person in the neighborhood. The unpublished portion of our opinion contains the particular factual details relative to the issues discussed therein.

DISCUSSION

I.-III.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

[1] The exception is the uncontested claim that the attempted burglaries were improperly listed in the abstract of judgment as violent offenses.

[2] All future code references are to the Penal Code unless otherwise noted.

* See footnote, *ante,* page 1500.

IV. *Did the trial court's restriction of cross-examination deprive defendant of his constitutional right to the assistance of counsel?*

As previously set forth, defendant was represented by two attorneys in this consolidated action. William McPhillips was retained to represent him in action No. 35000. George Quick was appointed to represent him in action No. 35439. After several witnesses had testified and been cross-examined by the defense attorney associated with the count to which the witness was testifying, the following occurred:

"THE COURT: We are back in session in People versus Clemmons.

"Mr. Clemmons and all of the attorneys are present.

"We are in session outside the presence of the jury at the request of Mr. McPhillips [defense counsel, No. 35000].

"I understand that there is some indication that Mr. McPhillips or Mr. Quick [defense counsel, No. 35439] may be involved in the cross-examination or presentation of witnesses in the other's case; is that correct?

"MR. MCPHILLIPS: Yes, your Honor.

"THE COURT: Before we do that, I want it clearly understood the ground rules under which we are operating, and I need to have Mr. Clemmons be aware of that and also to expressly associate each of the defense counsel in the other's—in the case in which he is principally represented by the other defense counsel so that there is not any misunderstanding in that respect.

"Ground rules, first of all, is that only one of the defense attorneys will be permitted to cross-examine a particular prosecution witness. Likewise, only one of the defense attorneys will be permitted to put on for direct and redirect examination a defense witness.

"In that respect, in the event, for example, Mr. McPhillips wishes to cross-examine a witness involved in Case No. 35439 in which Mr. Quick is the attorney of record for Mr. Clemmons, he will have—first have to be associated as counsel of record in that case and, likewise, to the contrary in the other case.

"Do you understand that, Mr. Clemmons?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: Are you willing to associate Mr. Quick in Case No. 35000 in which you are represented by Mr. McPhillips and to associate Mr. McPhillips in Case No. 35439 in which you are represented by Mr. Quick?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: All right.

"[T]hen do we still understand each other, gentlemen, counsel, as far as what the rules are?

"MR. QUICK: Yes, your Honor.

"MR. MCPHILLIPS: Yes.

"MR. WILSON [District Attorney]: Does this mean now that this is being done for the purpose of questioning one particular witness and if so, which witness? Or is now—are there now going to be questions—

"MR. MCPHILLIPS: As I understand it, that's up to our discretion now, however, there is to be no double teaming. One attorney per witness.

"THE COURT: That's right. That's the understanding.

"As far as objections during the course of testimony are concerned, that either side—or either attorney may interpose objections since there is a certain amount of interrelationship between the two cases, and they are, of course, consolidated for trial. All right.

"With that understanding, are we ready to bring in our jury?

"Anything else you want to put on the record before the jury arrives?

"MR. MCPHILLIPS: No, your Honor.

"THE COURT: All right."

Defendant contends that the above ruling denied him his right to the effective assistance of counsel and representation by retained counsel of his choice. Defendant argues that effective cross-examination by each lawyer was a "core function" within each particular case and he was deprived of that. He asserts that the trial court's ruling unreasonably interfered with his right to representation, both retained and appointed. He avers that his

acquiescence did not serve as an effective waiver of his constitutional right to counsel of his choice.

What occurred here was not an interference with the right to counsel, retained or appointed, but was a restriction on defendant's cross-examination of the witnesses. This was not a situation where defendant's fundamental right to representation was abrogated. Nor was the court required to advise defendant of the pitfalls of his choice such as where a defendant chooses to proceed in propria persona, with joint counsel representing more than one defendant, or with counsel who has a conflict of interest. Although he was not afforded dual cross-examination of witnesses, defendant was otherwise afforded the benefit of two skilled attorneys dedicated solely to his cause throughout his trial, a benefit normally reserved for defendants facing a possible death penalty. ■ "[T]he right [to counsel] is not infringed when 'the opportunity [of the defense] to participate fully and fairly in the adversary factfinding process' [citation] is not significantly limited." (*People* v. *Bonin* (1988) 46 Cal.3d 659, 695 [250 Cal.Rptr. 687, 758 P.2d 1217], third set of brackets in original.)

■ The right of cross-examination as a primary interest secured by the constitutional right to confrontation is not absolute.

"It is axiomatic that a criminal defendant has a fundamental right to confront the witnesses against him. (U.S. Const., 6th and 14th Amends.; Cal. Const., art. I, § 15; Pen. Code, § 686.) It is equally well settled that the right of cross-examination is the primary interest secured by the confrontation guarantee and an essential safeguard of a fair trial. [Citations.] Of course, an adequate opportunity for cross-examination in an earlier proceeding may satisfy the confrontation clause even in the absence of physical confrontation at the time of trial . . . . [T]he United States Supreme Court recognized that 'there has traditionally been an exception to the confrontation requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant.' " (*People* v. *Brock* (1985) 38 Cal.3d 180, 188-189 [211 Cal.Rptr. 122, 695 P.2d 209].)

Here, neither defendant nor his attorneys objected to the procedure set forth by the trial court, and defendant gave his verbal acquiescence. Both of defendant's counsel were asked if they understood the procedure and whether they had anything additional to place on the record. There was absolutely no indication that either defense counsel disagreed or that defendant disagreed with the procedure.

" '[The] trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination

. . . based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive *or only marginally relevant.'* " (*People* v. *Dyer* (1988) 45 Cal.3d 26, 48 [246 Cal.Rptr. 209, 753 P.2d 1], italics in original.)

Defendant reaped the benefit of having two attorneys present at trial representing his interests. The defense asserted by each counsel on defendant's behalf was identical. Nothing in the record suggests that either counsel had any conflict of interest in representing defendant in both cases. Each prosecution witness was cross-examined by one of the attorneys. There was no objection to the restrictions imposed by the trial court. Even if it can be said that error occurred, on appeal defendant has not shown how he might have been prejudiced by the procedure. Error in this area does not require reversal per se, but requires a determination if the error was harmless beyond a reasonable doubt. (*People* v. *Dyer, supra*, 45 Cal.3d 26, 48.) The error, if any, in restricting cross-examination of the witnesses to only one attorney was not prejudicial.

V.-XII.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## DISPOSITION

The judgment is affirmed. The trial court is ordered to correct the abstract of judgment in case No. 35439 to reflect that the five counts of attempted burglary are nonviolent offenses and it shall forward corrected copies to the Department of Corrections.

Stone (W. A.), Acting P. J., and Dibiaso, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 23, 1991.

---

*See footnote, *ante*, page 1500.